UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| GERALDINE O'CONNOR MCCONNELL,<br><br>    Plaintiff,<br><br>    vs.<br><br>GENETECH, INC., CHRISTINE TEJEDA; and DOES 1-20, inclusive,<br><br>    Defendants. | Case No: C 11-4976 SBA<br><br>**ORDER REMANDING ACTION**<br><br>Dkt. 10 |

The parties are presently before the Court on Plaintiff's Motion for Remand. Dkt. 10. Having read and considered the papers submitted in connection with this matter, and being fully informed, the Court hereby GRANTS the motion. The Court, in its discretion, finds the instant motion suitable for resolution without oral argument. See Fed. R. Civ. P. 78(b); N.D. Cal. Civ. L.R. 7-1(b).

I.  **BACKGROUND**

On September 8, 2011, Plaintiff Geraldine O'Conner McConnell filed the instant action against her former employer, Genentech, Inc., and former manager, Christine Tejeda, in San Mateo County Superior Court. Her Complaint alleged fourteen causes of action. All claims were based on state law except her tenth claim, which alleged a violation of the federal Family Medical Leave Act ("FMLA"), 29 U.S.C. § 2615(a)(1). On October 7, 2011, Defendants removed the action under 28 U.S.C. § 1331, based on Plaintiff's FMLA claim.

On October 16, 2011, Plaintiff filed a First Amended Complaint ("FAC") alleging the same claims as her original Complaint, but omitting her FMLA claim. On November 3, 2011, Defendants filed a motion to dismiss for failure to state a claim. Dkt. 12. On

1  February 7, 2012, Plaintiff filed a motion to remand.  In her motion, Plaintiff contends that
2  the Court should remand the action to state court for lack of subject matter jurisdiction
3  based on the dismissal of her sole federal claim under the FMLA.  She also urges the Court
4  to decline to assert supplemental jurisdiction over the state law claims alleged in the FAC.
5  Because subject matter jurisdiction is a threshold issue in every federal case, the Court
6  addresses Plaintiff's motion to remand first.

## II.    DISCUSSION

"A motion to remand is the proper procedure for challenging removal." Moore-Thomas v. Alaska Airlines, Inc., 553 F.3d 1241, 1244 (9th Cir. 2009).  Under 28 U.S.C. § 1447(c), remand may be ordered either for lack of subject matter jurisdiction or for any defect in removal procedure.  "A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a)."  28 U.S.C. § 1447(c); see also Lively v. Wild Oats Markets, Inc., 456 F.3d 933, 935 (9th Cir. 2006).

Plaintiff contends that the Court no longer has subject matter jurisdiction over the action by virtue of the dismissal of her FMLA claim.  Pl.'s Mot. at 5-6.  This contention is misplaced.  "[J]urisdiction must be analyzed on the basis of the pleadings filed at the time of removal without reference to subsequent amendments[.]"  Sparta Surgical Corp. v. National Ass'n of Secs. Dealers, Inc., 159 F.3d 1209, 1213 (9th Cir. 1998).  At the time of removal, the pleadings alleged a federal claim under the FMLA. Because the Court indisputably had subject matter jurisdiction over the action when it was removed, Plaintiff's motion to remand on the basis of lack of jurisdiction is without merit.  Carlsbad Tech., Inc. v. HIF Bio, Inc., 556 U.S. 635, __, 129 S.Ct. 1862, 1867 (2009) ("Upon dismissal of the federal claim, the District Court retained its statutory supplemental jurisdiction over the state-law claims. . . .  The remand order, therefore, is not based on a 'lack of subject matter jurisdiction' . . . .").

1   Alternatively, Plaintiff requests that the Court exercise its discretion under 28 U.S.C.
2   § 1367(c)(3) and decline to assert supplemental jurisdiction over the state law causes of
3   action alleged in the FAC.  Pl.'s Mot. at 7.  When the federal claim that served as the basis
4   for removal is eliminated, either through dismissal by the court or by a plaintiff amending
5   his or her complaint, federal courts may decline to assert supplemental jurisdiction over the
6   remaining state law causes of action and exercise its discretion to remand them to state
7   court.  See 28 U.S.C. § 1367(c)(3); Carlsbad Tech., 129 S.Ct. at 1867 ("A district court's
8   decision whether to exercise that jurisdiction after dismissing every claim over which it had
9   original jurisdiction is purely discretionary."); Acri v. Varian Assocs., Inc., 114 F.3d 999,
10  1000 (9th Cir. 1997) (court may sua sponte exercise discretion and dismiss state law claims
11  under 28 U.S.C. § 1367(c)) (en banc).

12  Defendants make several arguments opposing remand under § 1367(c), none of
13  which the Court finds persuasive.  First, Defendants assert that the instant motion is
14  untimely because Plaintiff filed it more than thirty days after removal.  Defs.' Opp'n at 4-5.
15  However, the thirty-day time limit applies to remand motions predicated on 28 U.S.C.
16  § 1447(c), not those based on 28 U.S.C. § 1367(c)(3).  C.f., City of Colton v. Am.
17  Promotional Events, Inc.-West, 614 F.3d 998, 1008 (9th Cir. 2010) (holding that district
18  court acted within its discretion in declining to exercise supplemental jurisdiction after
19  granting summary judgment on plaintiff's federal claims).

20  Next, Defendants contend that the reason Plaintiff is now seeking to remand the
21  action is because she failed to file an opposition to Defendants' motion to dismiss the FAC
22  within the time prescribed by the Local Rules.  Defs.' Opp'n at 6.  While the Court does not
23  countenance Plaintiff's failure to abide by the Local Rules, there is no indication that
24  Plaintiff's actions were in bad faith.  Indeed, well before her response to Defendants'
25  motion was due, Plaintiff filed her FAC, which eliminated her FMLA claim.  Though it
26  would have been preferable for Plaintiff to have moved for remand earlier, there is no
27  indication that Plaintiff is seeking a remand order for inappropriately tactical reasons, such
28  as where remand is sought after the issuance of an adverse ruling.

Finally, Defendants contend that the interests of judicial economy militate in favor of exercising supplemental jurisdiction over the state law claims alleged in the FAC. Defs.' Opp'n at 6-7. The Court disagrees. To date, no substantive rulings have been issued, no responsive pleadings have been filed, no discovery has been taken, and no pretrial schedule has been issued. Thus, given the early stage of the litigation, the Court exercises its discretion and remands the action to the state court from which it was removed. See Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 351(1988) ("When the single federal-law claim in the action was eliminated at an early stage of the litigation, the District Court had a powerful reason to choose not to continue to exercise jurisdiction."); Sanford v. MemberWorks, Inc., 625 F.3d 550, 561 (9th Cir. 2010) "'[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine-judicial economy, convenience, fairness, and comity-will point toward declining to exercise jurisdiction over the remaining state-law claims.'" Id. (quoting Carnegie-Mellon, 484 U.S. at 350 n.7); Harrell v. 20th Century Ins. Co., 934 F.2d 203, 205 (9th Cir. 1991) ("it is generally preferable for a district court to remand remaining pendant claims to state court.").

## III.  CONCLUSION

The Court finds that it has subject matter jurisdiction over the action. However, the Court exercises its discretion under 28 U.S.C. § 1367(c)(3) and declines to assert supplemental jurisdiction over the state law claims alleged in the FAC. Accordingly,

IT IS HEREBY ORDERED THAT Plaintiff's motion to remand is GRANTED. The instant action is REMANDED to the Superior Court of California, County of San Mateo. In light of the Court's decision to remand the action, the Court does not reach Defendants' motion to dismiss. The motion hearing scheduled for March 20, 2012 is VACATED. The Clerk shall close the file and terminate any pending matters in this Court's docket.

IT IS SO ORDERED.

Dated: March 9, 2012

*Saundra B Armstrong*
SAUNDRA BROWN ARMSTRONG
United States District Judge